*Southern District*

## MASSACHUSETTS GENERAL HOSPITAL

v.

## CITY OF QUINCY

*Present*: Nash, P. J., Cox & Murphy, JJ.

Case tried to *Taylor, J.* in the District Court of East Norfolk (Quincy). No. 22887.

*Cox, J.* In this action of contract the plaintiff seeks reimbursement from the City of Quincy for expenses of $1238.56 necessarily incurred in the treatment of one of its residents. Count 1 is based upon G. L. c. 117, §24A (St. 1959, c. 584). The second count is based upon G. L. c. 118A, §§13-32 (St. 1960, c. 781, §8).

The trial judge found that the resident was in need of public assistance at the time of his admission to the hospital, that he was in need of immediate relief, and that he had no assets at the time of his need. He found for the plaintiff.

The only issue raised by the city is that the plaintiff had failed to submit a bill to the city within three months after the hospital service had been rendered.

It is not disputed that the hospital had received from the local Department of Public Welfare written permission to furnish hospitalization to the resident from May 10, 1961 to date of discharge at a stated price per diem. It is not contended that the amount claimed is incorrect.

The city's contention of late billing on the part of the hospital is based on State Letter 100 filed by the Commissioner of the State Department of Public Welfare with the Secretary of State on March 10, 1959.

State Letter 100 included a certified copy of the Medical Care Plan adopted by the department. The hospitalization which was involved in this action was furnished from May 10, 1961 to June 30, 1961. It is section

B under the caption "Billing" in the Medical Care Plan filed with State Letter 100 that required billing *within three months* after the hospital services had been rendered. It is upon this provision that the city places its reliance.

No further comment by us is called for beyond observing that the Supreme Judicial Court has recently decided that the billing rule in State Letter 100 was not validly adopted. *Massachusetts General Hospital v. Commissioner of Public Welfare,* 347 Mass. 24. Accordingly, the judge's finding for the plaintiff was right.

As there was no error of law, the report should be dismissed.

Tierney & Tierney, of Boston, for the Plaintiff contended that the claim under G. L. c. 117, §24A, was separate and distinct from the claim under G. L. c. 118A, §§13-32. The Federal Government in no way participates in the former, and the state is obliged to contribute, on a limited basis only, if the recipient has no settlement within any particular city or town in the Commonwealth.

Stephen T. Keefe, Jr., of Chelsea, for the Defendant.